IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES B. SANDERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civil Action No. 22-826-RGA | |
| | : | |
| CENTURION, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

Charles B. Sanders, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

November 21, 2022
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Charles B. Sanders, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He requests counsel and moves to compel a non-party to produce evidence. (D.I. 8, 11). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff raises medical needs claims against three defendants—Centurion, Anthony Jacobs, Director of Medicine, and Dr. Emilia Aduh.

Plaintiff was prescribed a new prostrate medication on December 9, 2020. (D.I. 3 at 5). He noticed changes in his urination habits and brought it to the attention of medical staff via a medical grievance. (*Id.* at 6). The medication dose was increased, and Plaintiff was prescribed an additional medication. (*Id.*). Plaintiff asked a nurse practitioner why his initial medication had been changed and was told it "was too expensive." (*Id.*).

Following the medication change, on February 14, 2021, Plaintiff was admitted to the infirmary in urination distress, where he was treated. (*Id.*). Medical staff had difficulty with the catheter. Defendant Dr. Aduh was contacted, and she had Plaintiff

1

transferred via ambulance to Bayhealth Medical Center in Dover, Delaware. (*Id.* at 7). At Bayhealth, the catheter was removed and another one inserted. (*Id.*). Plaintiff returned to the infirmary where he remained for 115 days. (*Id.*). Plaintiff was in distress each time a catheter was removed and another one inserted. (*Id.* at 7, 8). Dr. Aduh "decided to try a different prostrate drug, . . . totally disregarding Plaintiff's request to go back to" his original medication. (*Id.* at 7). Plaintiff alleges that none of the "explorative alternative prostrate treatment plans worked." (*Id.* at 8).

Dr. Aduh ordered another catheter inserted around May 21, 2021. (*Id.*). The catheter was not inserted correctly, and he was in pain.[1] (*Id.*). The catheter was adjusted by pulling it out "almost all the way" and then reinserting it. (*Id.*) By May 28, 2021, Plaintiff's pain was unbearable and his left testicle was swollen. (*Id.*). Based upon Plaintiff's condition, Dr. Aduh had Plaintiff taken to Bayhealth Medical Center. (*Id.*). Plaintiff was treated for a "massive infection that was sepsis", underwent prostrate surgery on June 10, 2021, and remained at Bayhealth until June 12, 2021. (*Id.*).

Plaintiff alleges that Defendant Centurion implemented a cost cutting policy that was adopted by Defendant Director of Medicine Jacobs. (*Id.* at 9). The policy sought medication alternatives at a cheaper cost. (*Id.*). Plaintiff alleges Jacobs approved the cheaper medication and the alternative medication prescribed was the beginning of his prostrate failure. (*Id.*). Plaintiff alleges that Dr. Aduh persisted in an ineffective course of treatment and was aware that the treatment was ineffective. (*Id.*). Plaintiff seeks compensatory damages. (*Id.* at 13).

---

[1] He submitted a grievance over this. (D.I. 3 at 8).

2

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C.

3

§§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## DISCUSSION

**Dr. Aduh**.  Plaintiff alleges that Dr. Aduh continued with a course of treatment for his prostrate condition even though Dr. Aduh knew that it was ineffective.  A prison

4

official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment, prison officials must ensure inmates receive adequate medical care).

In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. A "failure to provide adequate care . . . [that] was deliberate, and motivated by non medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

"A prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives

5

continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

As pled, the allegations fail to state cognizable medical needs claims. Plaintiff claims that Dr. Aduh followed a course of treatment knowing that it was ineffective. The alleged facts, however, tell a different story. When medical staff notified Dr. Aduh about the catheter difficulty, Dr. Aduh had Plaintiff transferred to Bayhealth Medical for treatment. When problems persisted, Dr. Aduh decided to try a different medication, albeit not the medication Plaintiff wanted. Finally, based upon Plaintiff's condition in later May 2021, Dr. Aduh again had Plaintiff transferred to Bayhealth. These facts do not allege deliberate indifference to a serious medical need. At most, Plaintiff alleges negligence. Moreover, while Plaintiff may have wanted to go back on the original prescribed medication, Plaintiff has no right to choose a specific form of treatment. Moreover, it cannot be said that the treatment provided was unreasonable.

**Centurion and Jacobs**. Plaintiff alleges that Centurion implemented a cost cutting policy and Jacobs implements that policy. Courts have found plausible claims of medical indifference where prison physicians refuse to provide adequate care for non-medical reasons, such as cost-containment. *See, e.g., Robinson v. Corizon Health Inc.*,

6

2016 WL 7235314, at *7 (E.D. Pa. Dec. 13, 2016).  Such claims arise when a prisoner alleges that "the provision of medical care was both inadequate and motivated by improper or non-medical reasons." *Buehl v. Wexford Healthy Sources, Inc.*, 2017 WL 914275, at *7 (M.D. Pa. Mar. 8, 2017).  *See also Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (noting the "two very distinct subcomponents" of a deliberate indifference claim—the physician must have provided "inadequate medical care," and he must have done so "with the requisite state of mind"). The second component – the "intent of the medical provider" – becomes critical only where "the care received by an inmate was clearly inadequate." *Robinson*, 2016 WL 7235314, at *7.

The care provided by Dr. Aduh was not clearly inadequate. Plaintiff consistently received examinations, medication, diagnostic testing, and was taken to the hospital when necessary.  Even if cost considerations factored into the decision to change Plaintiff's medication, the allegations indicate that Plaintiff received adequate medical care despite those considerations.  *See, e.g., Winslow v. Prison Health Services*, 406 F. App'x 671, 674-75 (3d Cir. 2011) ("[T]he naked assertion that Defendants considered cost in treating [plaintiff's] hernia does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment.").

Plaintiff's allegations do not rise to the level of constitutional violations. Accordingly, the Complaint will be dismissed for failure to state claims upon which leave can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Plaintiff will be given one opportunity to amend his complaint.

**CONCLUSION**

For the above reasons, the Court will: (1) dismiss as premature Plaintiff's request for counsel and motion to compel a non-party to produce evidence (D.I. 8, 11); and (2) dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff will be permitted to amend his complaint.

An appropriate Order will be entered.